UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| (1) THE UNITED STATES OF AMERICA §<br>For the Use and Benefit of §<br>M.K. MARLOW COMPANY, VICTORIA, L.L.C. §<br>D/B/A MK MARLOW COMPANY, LLC §<br>§<br>vs. §<br>§<br>(2) J. E. DUNN CONSTRUCTION COMPANY, §<br>(3) FEDERAL INSURANCE COMPANY, §<br>(4) TRAVELERS CASUALTY AND §<br>SURETY COMPANY OF AMERICA, and §<br>(5) HARTFORD FIRE INSURANCE COMPANY § | CIVIL ACTION NO. 18-CV-1293 |

**Complaint**

Plaintiff, The United States of America, for the use and benefit of M.K. Marlow Company, Victoria, L.L.C. d/b/a MK Marlow Company, LLC ("MK Marlow"), for its complaint against the Defendants, J. E. Dunn Construction Company ("JE Dunn"), Federal Insurance Company ("Federal Insurance"), Travelers Casualty and Surety Company of America ("Travelers"), and Hartford Fire Insurance Company ("Hartford"), states as follows:

## I.   Jurisdiction and Venue

1. Jurisdiction is conferred under 40 U.S.C. § 3131, as this is a civil action arising under the laws of the United States, commonly referred to as the Miller Act, 40 U.S.C. § 3131, et seq.

2. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because this case is between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

3. Venue is proper pursuant to 40 U.S.C. § 3133(b)(3)(B) because the Western District of Texas, San Antonio Division, is the federal district in which the contracts at issue in this case were to be performed.

4. Jurisdiction for additional actions contained within this pleading is conferred upon this Court under the doctrine of pendent jurisdiction and 28 U.S.C. § 1367(a). Pursuant thereto, MK Marlow would show that all of its separate and independent causes of action are based on substantially the same operative facts as MK Marlow's Miller Act claim. As a matter of convenience and fairness to the parties hereto, this Court should assume and exercise jurisdiction over all its claims asserted herein so that the whole case may be tried at one time.

## II.     Parties

5. Plaintiff MK Marlow is a limited liability company duly authorized and engaged in business under the laws of the State of Texas.

6. Defendant JE Dunn is a foreign corporation authorized to do business under the laws of the State of Texas and may be served with process by serving its registered agent, C T Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

7. Defendant Federal Insurance is an insurance company licensed and authorized to act as surety or guarantor of bonds. Federal Insurance may be served with process by serving its agent, C T Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

8. Defendant Travelers is an insurance company licensed and authorized to act as surety or guarantor of bonds. Travelers may be served with process by serving its agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

9. Defendant Hartford is an insurance company licensed and authorized to act as surety or guarantor of bonds. Hartford may be served with process by serving its agent, C T Corporation System, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

### III.   Statement of Facts

10. This case arises from disputes in connection the Reid Medical Center construction project located at 1515 Truemper Street, Lackland Air Force Base, Texas 78236, believed to be federal project/contract no. W9127S-13-D-6001-DY01 ("Project").

11. The United States Army Corps of Engineers ("Owner") entered into a contract with JE Dunn whereby JE Dunn agreed to perform the general construction work at the Project.

12. JE Dunn procured a payment bond in connection with the Project ("Bond") from Federal Insurance, Travelers, and Hartford (collectively the "Sureties"). *See* Exhibit 1.

13. On or about January 6, 2017, JE Dunn, as the prime contractor, entered into an agreement with MK Marlow, whereby MK Marlow agreed to furnish and install drywall and framing, acoustical ceilings, sound absorbing wall units, and related labor and materials on the Project for JE Dunn in exchange for payment.

14. In addition to its contractual work, MK Marlow further performed additional, extra-contractual work at JE Dunn's specific request and direction and with its explicit approval and promise of payment. MK Marlow's work is collectively referred to herein as "Work" or "Labor and Materials". MK Marlow relied on JE Dunn's representations that it would pay for this additional work as an inducement to perform it and furnished its Labor and Materials as agreed, but JE Dunn has failed and refused to pay the balance due for same.

15. In addition, with regard to a portion of the additional, extra-contractual Work performed by MK Marlow, JE Dunn induced MK Marlow to enter into various change orders

and agreements pursuant to which the parties would share responsibility for the cost for such Work by promising that if MK Marlow would accept a discounted payment for their Work, then JE Dunn would represent and promise that the backcharges asserted at that time for Work done through that date constituted the entirety of the backcharges and no further backcharges would be pursued for Work completed as of that date. MK Marlow relied on JE Dunn's representations and promises in entering into the change orders and agreements. However, once MK Marlow signed the change order agreeing to the discount, JE Dunn failed and refused to pay MK Marlow for the referenced Work and further continued to issue additional unsubstantiated backcharges against MK Marlow.

16. MK Marlow has not been paid for its Work provided to JE Dunn in the amount of $228,576.70.

## IV. Claims Against JE Dunn and the Sureties

17. The allegations stated above are incorporated herein as if set forth in their entirety.

**Count 1 – Payment Bond Claim**

18. As the prime contractor on the Project, JE Dunn procured a Bond from the Sureties wherein JE Dunn, as principal, and the Sureties bound themselves jointly and severally for the protection of all persons supplying labor and materials in the performance of the work on the Project.

19. MK Marlow supplied Labor and Materials at the request of and by virtue of its agreement with JE Dunn on the Project. After allowing appropriate credits and offsets, there remains unpaid to MK Marlow the sum of $228,576.70 at the time of the institution of this suit for Work it furnished on the Project.

20. JE Dunn and the Sureties have failed and refused to pay MK Marlow the sum of $228,576.70 before the expiration of a period of ninety (90) days after the day on which the last of the Work was furnished or supplied by MK Marlow, for which claim is hereby made.

21. This suit has been commenced within one (1) year from the date upon which the last of the Labor and Materials was supplied by MK Marlow.

22. All of the Labor and Materials supplied by MK Marlow on the Project to JE Dunn were supplied within the Western District of Texas, San Antonio Division.

## V.     Claims Against JE Dunn

23. The allegations stated above are incorporated herein as if set forth in their entirety.

**Count 2 – Breach of Contract/Substantial Completion**

24. As stated above, JE Dunn and MK Marlow had an agreement for MK Marlow to provide Work on the Project in exchange for payment.

25. MK Marlow furnished the Work described in its invoices and diligently performed its obligations pursuant to its agreement with JE Dunn. MK Marlow's Work conformed to the agreement of the parties.

26. JE Dunn breached its contract with MK Marlow by failure to pay MK Marlow for the Labor and Materials it furnished.

27. MK Marlow has suffered damages in the amount of at least $228,576.70 for the Work it furnished for JE Dunn in connection with the Project.

28. In the alternative, MK Marlow avers that it substantially completed all its work for JE Dunn according to the agreement of the parties, until its performance was terminated or excused by reason of JE Dunn's breach of contract. The reasonable and necessary cost of

remedying minor defects or corrections to MK Marlow's work (if any actually exist) is less than $2,000.00.

**Count 3 – Quantum Meruit**

29. In the alternative, MK Marlow would show that MK Marlow's above-described Labor and Materials were furnished for the benefit of JE Dunn, either at its specific direct request or with its knowledge and consent. JE Dunn accepted and received said Labor and Materials with knowledge that MK Marlow expected compensation from JE Dunn therefor.

30. MK Marlow's said Labor and Materials benefited JE Dunn, and the reasonable value of the materials furnished to JE Dunn by MK Marlow, which remains unpaid as of this date, is $228,576.70.

**Count 4 – Fraud**

31. JE Dunn committed fraud in inducing MK Marlow to perform the additional, extra-contractual Work on the Project. Specifically, JE Dunn directed MK Marlow to perform the Work and represented to MK Marlow that JE Dunn would pay for the Work. JE Dunn's fraudulent actions induced MK Marlow to perform the Work.

32. JE Dunn further committed fraud in inducing MK Marlow to enter into change orders and other agreements to accept reduced payments for its Work on the Project. Specifically, JE Dunn represented it would pay MK Marlow for its Work and that no additional deductive change orders or backcharges would be forthcoming. JE Dunn's fraudulent actions induced MK Marlow to enter into the disputed change orders and other agreements.

33. JE Dunn's fraudulent conduct as set forth herein was committed intentionally, knowingly, and with malice. JE Dunn's conduct and false statements constituted intentional fraud in the inducement and have caused actual damages to MK Marlow in excess of the

minimum jurisdictional limits of this Court. In addition, MK Marlow seeks exemplary damages from JE Dunn as allowed by Tex. Civ. Prac. & Rem. Code § 41.003(a)(1).

**Count 5 – Texas Trust Fund Claim**

34. On information and belief, JE Dunn is the trustee of the funds received for the work performed and materials furnished by MK Marlow for the Project pursuant to Chapter 162.001, et seq., Texas Property Code.

35. MK Marlow supplied Labor and Materials for the Project and is a beneficiary of any Trust Funds in the possession of JE Dunn in connection with this Project. After allowing appropriate credit for all payments and offsets, MK Marlow remains unpaid in the amount of $228,576.70, which it asserts as a Trust Fund Claim to the extent JE Dunn has retained, used, disbursed or otherwise diverted Trust Funds without first paying MK Marlow.

**Count 6 – Violation of Prompt Payment Act**

36. JE Dunn has admitted that it owes to MK Marlow the sum of at least $86,906.00. JE Dunn has failed and refused to pay such sum to MK Marlow and is therefore in violation of the Federal Prompt Payment Act, 31 U.S.C. §3901, *et seq*

37. Consequently, in addition to the foregoing causes of action, MK Marlow is entitled to recover pre- and post-judgment interest from JE Dunn pursuant to the Federal Prompt Payment Act, 31 U.S.C. §3901, *et seq.* All conditions precedent to MK Marlow's right to recovery under said statute have been performed or have occurred.

**Count 7 – Attorneys' Fees**

38. MK Marlow has agreed to pay the undersigned attorneys a reasonable and necessary fee for their services and therefore seeks to recover such amounts from JE Dunn pursuant to Tex. Civ. Prac. & Rem. Code § 38.001, et seq., and any other applicable law, for the

preparation and trial of this case in United States District Court, and additional amounts in the event of an appeal to the U. S. Circuit Court of Appeals and U. S. Supreme Court.

## Request for Relief

WHEREFORE, The United States of America, for the use and benefit of M.K. Marlow Company, Victoria, L.L.C. d/b/a MK Marlow Company, LLC, prays for judgment against Defendants, jointly and severally, as set forth more specifically above, for damages in the principal amount of no less than $228,576.70, for exemplary damages as allowed by Tex. Civ. Prac. & Rem. Code § 41.003(a)(1), for pre- and post-judgment interest as allowed by law, including the Federal Prompt Payment Act, 31 U.S.C. §3901, *et seq.,* together with attorneys' fees, costs, and expenses.

Respectfully submitted,

**GARDNER LAW**
745 East Mulberry Avenue, Suite 500
San Antonio, Texas 78212
(210) 733-8191 - Telephone
(210) 733-5538 - Facsimile

By:   /s/ Bethany F. Thompson
Bethany F. Thompson
State Bar No. 24068486
bthompson@gardnertx.com
Thomas J. Walthall, Jr.
State Bar No. 20821600
twalthall@gardnertx.com

**ATTORNEYS FOR PLAINTIFF**